1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CARMELIA L. MCALISTER,          )   NO. EDCV-05-00729-SS
                                      )
12                  Plaintiff,        )
                                      )   **MEMORANDUM DECISION AND ORDER**
13             v.                     )
                                      )
14   JO ANNE B. BARNHART,             )
     Commissioner of the Social      )
15   Security Administration,         )
                                      )
16             Defendant.             )
     ─────────────────────────────   )
17

18        Plaintiff Carmelia McAlister ("Plaintiff") seeks review of

19   Defendant Jo Anne B. Barnhart, Commissioner of the Social Security

20   Administration's ("Defendant") decision denying her disability benefits,

21   having filed a Complaint on August 18, 2005.  The parties have consented

22   to the jurisdiction of the undersigned United States Magistrate Judge,

23   pursuant to 28 U.S.C. § 636(c).

24

25        Pursuant to this Court's Case Management Order, the parties

26   submitted a Joint Stipulation in support of their respective positions.

27   For the reasons stated below, the decision of the Commissioner is

28   REVERSED and REMANDED for further proceedings.

## PROCEDURAL HISTORY

On July 15, 2003, Plaintiff, then age forty-six, filed an application for Supplemental Security Income ("SSI") benefits.[1] (Administrative Record ("AR") 106). Plaintiff alleged a disability onset date of January 1, 2000 on the bases of arthritis, high blood pressure, heart problems and uterus and breast cancer. (AR 106-112). Plaintiff filed a previous application for benefits that was denied on December 5, 1996.

The Social Security Administration (the "Agency" or "Commissioner") denied Plaintiff's current claim for benefits. (AR 66). The Agency determined that Plaintiff's condition was not disabling. (Id.). On September 2, 2003, Plaintiff requested that the Agency reconsider her application on the additional bases of Hepatitis C and Rheumatoid Arthritis. (AR 70). The Agency again concluded that Plaintiff's condition was not disabling. (AR 72). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 76).

A hearing before ALJ Jay Levine was conducted on October 6, 2004, at which Plaintiff appeared, represented by counsel. (AR 30). Plaintiff testified on her own behalf. (AR 31-58). A vocational expert testified at the hearing. (AR 58-60).

---

[1]    Title II of the Social Security Act is codified at 42 U.S.C. §§ 401-434 ("Federal Old-Age, Survivors, and Disability Insurance Benefits").

2

On December 29, 2004, ALJ Levine issued a decision denying benefits. (AR 18-23). Plaintiff sought review of this decision before the Appeals Council. (AR 11). On July 21, 2005, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. (AR 5-7). Plaintiff commenced this action on August 18, 2005.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity[2] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled.

---

[2] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 404.1510.

3

If not, proceed to step two.

(2)   Is the claimant's impairment severe?   If not, the claimant is found not disabled.   If so, proceed to step three.

(3)   Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1?   If so, the claimant is found disabled.   If not, proceed to step four.

(4)   Is the claimant capable of performing her past work?   If so, the claimant is found not disabled.   If not, proceed to step five.

(5)   Is the claimant able to do any other work?   If not, the claimant is found disabled.   If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. §§ 404.1520(b)-404.1520(f)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett). Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking

4

into account the claimant's residual functional capacity,[3] age,
education, and work experience.  Tackett, 180 F.3d at 1098, 1100;
Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520(f)(1).  The Commissioner
may do so by the testimony of a vocational expert or by reference to the
Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart
P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240
F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).  When a claimant has
both exertional (strength-related) and nonexertional limitations, the
Grids are inapplicable and the ALJ must take the testimony of a
vocational expert.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000)
(citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the
Commissioner's decision to deny benefits.  The court may set aside the
Commissioner's decision when the ALJ's findings are based on legal error
or are not supported by substantial evidence in the record as a whole.
Aukland v. Massanari , 257 F.3d 1033, 1035 (9 th Cir. 2001) (citing
Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th
Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a
preponderance."  Reddick, 157 F.3d at 720 (citing Jamerson v. Chater,
112 F.3d 1064, 1066 (9th Cir. 1997)).  It is "relevant evidence which

---

[3]    Residual functional capacity is what "[one] can still do
despite [her] limitations" and represents an assessment "based upon all
the relevant evidence in [one's] case record."  20 C.F.R. § 404.1545(a)

1   a reasonable person might accept as adequate to support a conclusion."

2   Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279).  To

3   determine whether substantial evidence supports a finding, the court

4   must "'consider the record as a whole, weighing both evidence that

5   supports and evidence that detracts from the [Commissioner's]

6   conclusion.'" Aukland, 257 F.3d at 1035 (citing Penny v. Sullivan, 2

7   F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support

8   either affirming or reversing that conclusion, the court may not

9   substitute its judgment for that of the Commissioner.  Reddick, 157 F.3d

10  at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

11

12                              **DISCUSSION**

13

14         **The ALJ Failed To Provide Clear and Convincing Reasons**

15            **for Rejecting Plaintiff's Subjective Pain Testimony**

16

17         Plaintiff argues that the ALJ did not provide legally sufficient

18  reasons for rejecting her pain testimony.   This Court agrees.

19

20         "Unless there is affirmative evidence showing that the claimant is

21  malingering, the ALJ's reasons for rejecting pain testimony must be

22  clear and convincing." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir.

23  2005); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). The

24  ALJ must consider "observations of treating and examining physicians and

25  other third parties regarding . . . the nature, onset, duration and

26  frequency of the claimant's symptoms" when evaluating the credibility

27  of symptom testimony.  Smolen, 80 F.3d at 1284 (citing SSR 88-

28  13)(emphasis added); see also 20 C.F.R. 404.1529(c).

Plaintiff testified at length during the hearing about her fatigue, pain and other symptoms.  She stated that she "sleep[s] all the time," often spending seventeen hours a day asleep. (AR 39-40).  She testified that she has hip discomfort that is caused by osteoporosis. (AR 43).  She stated that she could not work "with [her] back the way it is and my hands."  (AR 45).  She testified that she is uncomfortable sitting and that "I don't like standing up because I do wobble a lot." (AR 51).  She experiences "bad depression to where you want to hurt yourself or others."  (AR 52).  She is being treated for Hepatitis C. (AR 35).  Plaintiff does not drive and claims that, except for doctor's appointments, "I don't go out."  (AR 35, 42).  These statements are consistent with Plaintiff's description of her limitations contained in the "Exertional Daily Activities Questionnaire" dated July 31, 2003. (AR 119-121).

The ALJ provided a brief statement in support of his rejection of Plaintiff's subjective complaints:

> There is no medical evidence of record to support the claimant's allegations of fatigue. . . [While living with her boyfriend] [s]he cooked, cleaned and did the household chores.  Her alleged increase in symptoms coincided with her boyfriend leaving her.  There is no medical evidence to establish the debilitating fatigue as the claimant has alleged . . . .  In this case, I find that the claimant's statements regarding her pain and other symptoms concerning her established impairments are not persuasive or credible at

1

2        at least to the degree that she alleges an inability to

3        perform all work activities (Social Security Ruling 96-7p, 20

4        CFR 416.929).

5

6    (AR 21).  This Court finds that the ALJ erred by not providing clear and

7    convincing reasons for rejecting Plaintiff's subjective pain testimony.

8    The ALJ almost exclusively relied upon the lack of medical evidence to

9    discredit Plaintiff.  This was error.  See Moisa v. Barnhart, 367 F.3d

10   882 (9th Cir. 2004)("[O]nce a claimant produces objective medical

11   evidence of an underlying impairment, an [ALJ] may not reject a

12   claimant's subjective complaints based solely on lack of objective

13   medical evidence to fully corroborate the alleged severity of pain.")

14

15       Since there was no evidence demonstrating that Plaintiff was

16   malingering (and the ALJ failed to expressly make such a finding), the

17   ALJ was required to provide "clear and convincing" reasons to reject her

18   testimony.  Permissible grounds for rejecting a claimant's testimony may

19   include a reputation for dishonesty, conflicts between the claimant's

20   testimony and her conduct, or internal contradictions in the claimant's

21   testimony.  See 20 C.F.R. § 404.1529(c); Smolen, 80 F.3d at 1281.

22

23       If the ALJ finds the claimant's pain testimony not to be credible,

24   the ALJ `must specifically make findings that support this conclusion,'

25   and the findings `must be sufficiently specific to allow a reviewing

26   court to conclude the [ALJ] rejected [the] claimant's testimony on

27   permissible grounds and did not arbitrarily discredit the claimant's

28   testimony.'"  Moisa, 367 F.3d at 884-5 (quoting Rollins v. Massanari,

8

261 F.3d 853, 856-7 (9th Cir. 2001)(citations omitted)).  In addition, the ALJ "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."  Smolen, 80 F.3d at 1284; accord Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ erred by rejecting Plaintiff's subjective testimony based solely on the lack of medical evidence to support Plaintiff's alleged fatigue.[4]  Considerable objective evidence in the form of medical examinations provided substantial evidentiary support for Plaintiff's pain testimony.  (AR 135-210).  For example, a medical examination dated September 18, 2003 assessed "joint swelling" in Plaintiff's fingers and knees.  (AR 237).  An emergency evaluation dated September 15, 2004 reports Plaintiff suffered from pain provoked by pressure and was "emotional."  (AR 293).  On June 25, 2004, a rheumatology report addresses Plaintiff's "hip pain, Hep C" and lumbar pain.  (AR 304).  Thus, the lack of objective medical evidence alone was insufficient grounds to reject Plaintiff's testimony.

\\
\\
\\
\\
\\
\\
\\
\\

---

[4]   The ALJ stated that "there is no medical record to support the claimant's allegations of fatigue."  (AR 21).

**CONCLUSION**

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g),[5] IT IS ORDERED that judgment be entered REVERSING and REMANDING the decision of the Commissioner for further administrative proceedings in accordance with this decision.  IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: September 7, 2006.

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[5]     This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."